IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DISTRICT

| | |
|---|---|
| Larson Archery Company,<br><br>     Plaintiff,<br><br>v.<br><br>Bowtech,<br><br>     Defendant | **\*AMENDED SCHEDULING ORDER AND ORDER VACATING HEARING**<br><br>Case No1:09 CV-37<br><br>District Judge:  Clark Waddoups |

Pursuant to Fed.R.Civ P. 16(b), the Magistrate Judge[1] received the Attorneys' Planning Report filed by counsel (docket #12).   The following matters are scheduled.  The times and deadlines set forth herein may not be modified without the approval of the Court and on a showing of good cause.  (\*This scheduling order corrects dates related to trial, changing dates from 2010 to 2011.)

IT IS ORDERED that the Initial Pretrial Hearing set for December 16, 2009, at 11:30 am. is VACATED.

**\*\*ALL TIMES 4:30 PM UNLESS INDICATED\*\***

**1.**	**PRELIMINARY MATTERS**	**DATE**

Nature of claims and any affirmative defenses:

Patent Infringement,

Affirmative defenses and counterclaims of non-

infringement and invalidity

| | | | | |
|---|---|---|---|---|
| a. | Was Rule 26(f)(1) Conference held? | Yes | 11/16/09 |
| b. | Has Attorney Planning Meeting Form been submitted? | Yes | 11/16/09 |
| c. | Was 26(a)(1) initial disclosure completed? | | 12/16/09 |

**2.**	**DISCOVERY LIMITATIONS**	**NUMBER**

| | | |
|---|---|---|
| a. | Maximum Number of Depositions by Plaintiff(s) | 10 |
| b. | Maximum Number of Depositions by Defendant(s) | 10 |

| c. | Maximum Number of Hours for Each Deposition (unless extended by agreement of parties) | 7 |
| d. | Maximum Interrogatories by any Party to any Party | 25 |
| e. | Maximum requests for admissions by any Party to any Party | 35 |
| f. | Maximum requests for production by any Party to any Party | unlimited |

**3.      AMENDMENT OF PLEADINGS/ADDING PARTIES[2]                      DATE**

| a. | Last Day to File Motion to Amend Pleadings | 03/01/10 |
| b. | Last Day to File  Motion to Add Parties | 03/01/10 |

**4.      RULE 26(a)(2) REPORTS FROM EXPERTS[3]                          DATE**

| a. | Plaintiff | 09/30/10 |
| b. | Defendant | 10/30/10 |
| c. | Counter reports | 11/30/10 |

**5.      OTHER DEADLINES                                                        DATE**

| a. | Discovery to be completed by: | |
|    | Fact discovery | 08/31/10 |
|    | Expert discovery | 12/30/10 |
| b. | *(optional)* Final date for supplementation of disclosures and discovery under Rule 26 (e) | |
| c. | Deadline for filing dispositive or potentially dispositive motions | 02/02/11 |

**6.      SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION               DATE**

| a. | Referral to Court-Annexed Mediation: | *No* | |
| b. | Referral to Court-Annexed Arbitration | *No* | |
| c. | Evaluate case for Settlement/ADR on | | *07/01/10* |
| d. | Settlement probability: | Fair | |

| 7. | | **TRIAL AND PREPARATION FOR TRIAL** | | **TIME** | **DATE** |
|---|---|---|---|---|---|
| | a. | Rule 26(a)(3) Pretrial Disclosures[4] | | | |
| | | Plaintiff | | | *05/27/11* |
| | | Defendant | | | *06/10/11* |
| | b. | Objections to Rule 26(a)(3) Disclosures (if different than 14 days provided in Rule) | | | *00/00/00* |
| | c. | Special Attorney Conference[5] on or before | | | *06/24/11* |
| | d. | Settlement Conference[6] on or before | | | *06/24/11* |
| | e. | Final Pretrial Conference | | 2:30 p.m. | *07/13/11* |
| | f. | Trial | Length | | |
| | | i. Bench Trial | *# days* | ___:__ _.m. | *00/00/00* |
| | | ii. Jury Trial | *Ten days* | 8:30 a.m. | *07/26/11* |

8.    **OTHER MATTERS**

Counsel should contact chambers staff of the District Judge regarding Daubert and Markman motions to determine the desired process for filing and hearing of such motions.  All such motions, including Motions in Limine should be filed well in advance of the Final Pre Trial.  Unless otherwise directed by the court, any challenge to the qualifications of an expert or the reliability of expert testimony under Daubert must be raised by written motion before the final pre-trial conference.

The inadvertent production in the course of discovery in this action of any document or material shall not be deemed to waive whatever attorney-client privilege, work product protection or other privilege or immunity that would otherwise attach to the document or material produced or to other documents or material, as long as the producing party, within twenty (20) days after discovery, notifies the other party of the claim of privilege or other protection or immunity. Upon such notice, the other party or parties shall promptly destroy all copies of the documents or material referred to in such party's possession, custody, or control, and notify the producing party that it has done so, and shall notify the producing party of any other persons to whom the document or material has been provided and take reasonable steps to retrieve it from such persons. Such destruction and notice shall not constitute an acknowledgment that the claimed document or material is in fact privileged or entitled to protection or immunity. The level of care exercised by the disclosing party in reviewing documents and information prior to production or disclosure shall not be considered in determining whether the production or disclosure of a document or information was inadvertent.

Emails and other documents stored electronically should be produced as .tiffs with searchable text, with the metadata and vendor-supplied data fields described below, and

with a Concordance load file.

The following fields of metadata and vendor-supplied data should be included for each email message:

> (a) Sender's name
> (b) Sender's email address
> (c) Recipients' email addresses
> (d) cc recipients' email addresses
> (e) bcc recipients' email addresses
> (f) Subject
> (g) Sent date
> (h) Sent time
> (i) Received date
> (j) Received time
> (k) Priority status of email
> (l) Beginning Bates number of email
> (m) Ending Bates number of email
> (n) Attachment count (total number of attachments)
> (o) Beginning Bates number of attachment range
> (p) Ending Bates number of attachment range
> (q) Read/Unread
> (r) Folder (from which email was obtained)
> (s) Custodian (from whose folder the email was obtained)
> (t) Header
> (u) Message ID

The following fields of metadata and vendor-supplied data should be included for each non-email document stored electronically:

> (a) Author
> (b) Title of document
> (c) Date created
> (d) Time created
> (e) Date and time doc. last modified
> (f) Filename
> (g) File extension
> (h) Filepath
> (i) Beginning Bates number of document
> (j) Ending Bates number of document
> (k) Custodian

Dated this 30th day of November, 2009.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge

[1] The Magistrate Judge completed Initial Pretrial Scheduling under DUCivR 16-1(b) and DUCivR 72-2(a)(5).  The name of the Magistrate Judge who completed this order should NOT appear on the caption of future pleadings, unless the case is separately referred to that Magistrate Judge.  A separate order may refer this case to a Magistrate Judge under DUCivR 72-2 (b) and 28 USC 636 (b)(1)(A) or DUCivR 72-2 (c) and 28 USC 636 (b)(1)(B).  The name of any Magistrate Judge to whom the matter is referred under DUCivR 72-2 (b) or (c) should appear on the caption as required under DUCivR10-1(a).

[2] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

[3] A party shall disclose the identity of each testifying expert and the subject of each such expert's testimony at least 60 days before the deadline for expert reports from that party.  This disclosure shall be made even if the testifying expert is an employee from whom a report is not required.

[4] Any demonstrative exhibits or animations must be disclosed and exchanged with the 26(a)(3) disclosures.

[5] The Special Attorneys Conference does not involve the Court.  Counsel will agree on voir dire questions, jury instructions, a pre-trial order and discuss the presentation of the case.  Witnesses will be scheduled to avoid gaps and disruptions.  Exhibits will be marked in a way that does not result in duplication of documents.  Any special equipment or courtroom arrangement requirements will be included in the pre-trial order.

[6] The Settlement Conference does not involve the Court unless a separate order is entered. Counsel must ensure that a person or representative with full settlement authority or otherwise authorized to make decisions regarding settlement is available in person or by telephone during the Settlement Conference.

DWT 13579735v2 0085173-000007